Brian A. Sutherland (SBN 248486)
bsutherland@reedsmith.com
Joshua D. Anderson (SBN 312836)
janderson@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105-3659
Telephone: (415) 543-8700
Facsimile:  (415) 391-8269

Attorneys for Defendant Yelp Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JARON BRIGNAC, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>YELP, INC., a California Corporation, 1-10 INCLUSIVE,<br><br>Defendants. | Case No. 3:19-cv-01188-EMC<br><br>**Reply in Support of Yelp Inc.'s Motion to Dismiss the First Amended Complaint under Rule 12(b)(6)**<br><br>Date:  May 9, 2019<br>Time:  1:30 p.m.<br>Place: U.S. Courthouse<br>         Courtroom 5, 17th Floor<br>         450 Golden Gate Avenue<br>         San Francisco, CA 94102<br>Judge: Edward M. Chen |

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................................................1

ARGUMENT .........................................................................................................................2

I.   The Complaint and Opposition Demonstrate that Brignac Cannot State an Antitrust Claim against Yelp ...............................................................2

II.  The Complaint and Opposition Demonstrate that Brignac Cannot State a Racial Discrimination Claim against Yelp ..............................................3

CONCLUSION......................................................................................................................4

## INTRODUCTION

In January 2019, Yelp Inc. ("Yelp") filed a motion to dismiss plaintiff pro se Jaron Brignac's original complaint. (ECF No. 7) Yelp showed that, among other things, Brignac's own complaint established that he lacked standing to assert his purported antitrust claim on behalf his legal services corporation, "BPCS LAW." Yelp also showed that Brignac's complaint established that the antitrust claim was meritless for numerous independent reasons. In a separate motion, Yelp moved to transfer venue from the Central District of California to this District, and the district court later granted that motion. (ECF No. 26)

Brignac did *not* oppose Yelp's motion to dismiss the original complaint. On February 1, 2019, he submitted a "fictitious business name statement" to the County of Los Angeles, identifying "BPCS LAW EVICTIONS" as an alias of "Jaron Brignac" conducting business as an *individual*. *See* Brignac Opp. to Mot. to Dismiss First Amended Complaint, Ex. A (ECF No. 40). On February 7, 2019, Brignac filed a first amended complaint ("FAC") alleging that "BPCS LAW EVICTIONS" is an alias of BPCS LAW, a *corporation*. Am. Compl. ¶¶ 5-7; *see also id.* ¶ 15 (referencing "BPCS LAW/ dba BPCS LAW EVICTIONS"). Brignac added a claim based on alleged racial discrimination to his FAC.

Yelp moved to dismiss the FAC, again showing that the complaint established that Brignac lacked standing to assert claims on behalf of a corporation, BPCS LAW, and that Brignac could not state a claim in any event. (ECF No. 23) Brignac's opposition argues that he is asserting claims on behalf of a sole proprietorship, not a corporation, and that his allegations state a claim under federal antitrust and anti-discrimination laws. Brignac asks the Court to deny Yelp's motion to dismiss and order Yelp to answer and, inconsistently, he also seeks leave to amend to add "BPCS LAW EVICTIONS as a sole proprietorship plaintiff." Opp. at 9:7-11.

This Court should grant Yelp's motion and dismiss Brignac's complaint with prejudice. His allegations affirmatively establish that Brignac *cannot* state a claim

– 1 –

– 2 –

against Yelp. His antitrust theory, which he reaffirmed without modification in his first amended complaint, is nonsense: Brignac blames Yelp for Google's search results, even as the FAC shows that Google controls its own search results. His racial discrimination claim merely repackages the same nonsensical antitrust claim in a different form, asserting that Yelp diminished his search result "ranking" based on race. And he still lacks standing because he cannot contradict the allegations of *two* complaints showing that any purported claims belong to BPCS LAW, a legal services corporation. For all these reasons, granting leave to amend would be futile.

## ARGUMENT

Brignac filed his FAC as a response to Yelp's motion to dismiss the original complaint. His FAC and opposition show that he cannot state a claim against Yelp.

### I. The Complaint and Opposition Demonstrate that Brignac Cannot State an Antitrust Claim against Yelp

Brignac implicitly concedes that he cannot assert a claim on behalf of BPCS LAW, the legal services corporation. His sole response to Yelp's arguments that Brignac was not the real party in interest for his antitrust claim is that he is doing business as an individual under the name "BPCS LAW EVICTIONS." *See* Opp. at 2:3-3:23. Brignac argues that Yelp "intentionally disregards the fact that Plaintiff is a sole proprietor who can represent his sole proprietorship known as BPCS LAW EVICTIONS" (Opp. at 3:21-23), even though the *FAC* alleges that "BPCS LAW EVICTIONS" is an alias of "BPCS LAW," a *corporation*. *See* Am. Compl. ¶¶ 5-7, 15, 26 (referencing "BPCS LAW/ dba BPCS LAW EVICTIONS"). Brignac's arguments contradict his first two complaints.

Moreover, Brignac filed the FAC *after* he submitted the "fictitious business name statement" to the Los Angeles County clerk. This sequence of events demonstrates that he was aware of the concept of an individual doing business as a sole proprietorship under a fictitious name, but declined to make those allegations in his FAC. He cannot contradict the allegations of his first *two* complaints by alleging in

a second amended complaint that he was *not* conducting business through his legal services corporation after all, and instead was conducting business as sole proprietorship. *See Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *see also In re Nat'l Football Leagues Sunday Ticket Antitrust Litig.*, No. ML 15-02668, 2017 WL 3084276 (C.D. Cal. June 30, 2017). Accordingly, granting leave to amend would be futile.

In any event, Brignac fails to respond to Yelp's arguments that, even if Brignac had standing, his allegations fail to state an antitrust claim. Instead, he largely restates the allegations of his FAC. *See* Opp. at 4:5-6:19. He argues that "Yelp ads specifically floods the market on GOOGLE search" (Opp. at 7:4-5, but whatever this may mean, the FAC alleges that *Google* dominates the market for online search, uses its own algorithm to provide search results, and sells its own paid ads. Am. Compl. ¶¶ 11, 13. As common sense and the FAC show, Yelp does not control Google's website or its search results. Brignac further asserts that "Yelp" appears in Google's search results because of an antitrust settlement (Opp. 7:16-20), but he does not identify any lawsuit between Yelp and Google or any supposed settlement. In all events, this vague and conclusory reference to a non-existent settlement is not and could not be a reason to grant leave to amend.

Lastly, Brignac asserts that "the [Communications Decency Act, 47 U.S.C. § 230] does not bar claims outside of claims of liability due to third party reviews." Opp. at 8:21-9:2. He cites no authority for this assertion and does not address any of Yelp's authorities. Brignac is wrong. Under the CDA, "Yelp is not liable for disseminating [third-party] content … to a search engine." *Kimzey v. Yelp! Inc.*, 836 F.3d 1263, 1270 (9th Cir. 2016).

## II.   The Complaint and Opposition Demonstrate that Brignac Cannot State a Racial Discrimination Claim against Yelp

Brignac's opposition does nothing to defend his claim under 42 U.S.C. § 1981, apart from repeating the FAC's allegations. *Compare* Opp. at 7:21-8:17, *with* Am.

– 3 –

Compl. at 9:6-10:5. Accordingly, his opposition fails to rebut Yelp's arguments that he cannot state a claim under § 1981.

## CONCLUSION

This Court should dismiss the first amended complaint against Yelp with prejudice under Rule 12(b)(6) of the Federal Rules of Civil Procedure and enter judgment for Yelp.

DATED:  April 25, 2019

REED SMITH LLP

By: /s/ Brian A. Sutherland
Brian A. Sutherland
Joshua D. Anderson
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA  94105-3659
Telephone: (415) 543-8700
Facsimile:  (415) 391-8269

Attorneys for defendant Yelp Inc.